**MACAULEY EKPENISI ESQ. SBN:296326**
**ADEDOYIN A. FADARE ESQ. SBN: 350914**
**OCEANBRIDGE LAW FIRM,**
**A PROFESSIONAL LAW COPRORATION**
**14401 GILMORE STREET, STE 100**
**VAN NUYS, CA 91401**
**TEL: (818) 668-3359**
**FAX: (818) 561-3660**
**EMAIL: info@oceanbridgelaw.com**

Attorneys for Plaintiffs: ***Paula Olazaba***

Electronically FILED by Superior Court of California, County of Los Angeles
8/27/2025 9:34 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By P. Diaz, Deputy Clerk

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

| | |
|---|---|
| **PAULA OLAZABA,**<br><br>**PLAINTIFF,**<br><br>**VS.**<br><br>**COSTCO WHOLESALE CORPORATION ("COSTCO") A WASHINGTON CORPORATION, And Does 1 Through 50, Inclusive,**<br><br>DEFENDANTS. | Case No.: 25VECV04826<br><br>COMPLAINT BASED ON:<br><br>**1.** PREMISES LIABILITY<br>**2.** NEGLIGENCE – GENERAL<br>**3.** NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS<br><br>DEMAND FOR JURY TRIAL. |

COME NOW named Plaintiff, **PAULA OLAZABA** complains against named Defendants herein and each of them and allege as follows:

**I. PARTIES**

1. Plaintiff Paula Olazaba is an individual residing in Los Angeles County, California, who was, at all relevant times mentioned herein, a lawful business invitee on

Defendants' premises located at 4370 Sepulveda Boulevard, Van Nuys, California 91402.

2. Defendant Costco Wholesale Corporation ("Costco") is a Washington corporation authorized to do business in the State of California and, at all relevant times, owned, operated, maintained, and/or controlled the premises commonly known as Costco Sepulveda, located at 4370 Sepulveda Boulevard, Van Nuys, California 91402, where the subject incident occurred.

3. Plaintiff is ignorant of the true names and capacities of the Defendants sued herein as DOES 1 through 20, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes, and thereon alleges, that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries were legally and proximately caused by said Defendants, and each of them.

4. Plaintiff is informed and believes, and on that basis alleges, that at all relevant times mentioned herein, each of the Defendants, including DOE Defendants, were the agents, servants, employees, alter egos, partners, joint venturers, or co-conspirators of the other Defendants, and in doing the things alleged herein, were acting within the course and scope of such relationships, and with the knowledge, authorization, ratification, and/or consent of the remaining Defendants.

5. Plaintiff is further informed and believes, and thereon alleges, that at all times relevant hereto, each Defendant, including DOES 1 through 20, gave consent to, ratified, and authorized the acts alleged herein of each of the remaining Defendants.

6. Plaintiff is informed and believes, and thereon alleges, that at all times relevant hereto, unless otherwise specifically alleged, the Defendants and each of them, including DOE Defendants, were acting within the course and scope of their authority

as such agents, servants, employees, or representatives of the other Defendants and with the knowledge, permission, and consent of each other Defendant. In the alternative, said Defendants acted independently and/or in concert for their personal benefit and are jointly and severally liable for the injuries and damages sustained by Plaintiff.

7. Plaintiff is informed and believes, and thereon alleges, that there exists, and at all times herein mentioned there existed, a unity of interest and ownership among the Defendants such that any individuality and separateness between them has ceased, and the acts of each are legally attributable to the others.

## III. FACTUAL ALLEGATIONS

8. On November 26, 2024, Plaintiff arrived at the Costco Sepulveda store on Sepulveda Boulevard with the intention to shop.

9. The weather that day included steady, moderate rainfall, resulting in water pooling and a slick surface on the uncovered cement walkway immediately outside the store entrance.

10. Despite this known hazard, Defendants had not taken reasonable precautions: no anti-slip mats, no "Caution: Wet Floor" signs, no floor mats inside to absorb dripping water.

11. As Plaintiff approached the entrance of Costco Sepulveda, located at 4370 Sepulveda Boulevard, Van Nuys, California 91402 carrying nothing, she stepped onto the walkway, which was slick and treacherous due to rainwater. Without warning, her feet slipped out from under her, causing her to fall violently onto the cement.

12. Costco staff rushed to Plaintiff's aid, helping her to stand and offering to call an ambulance. Plaintiff declined medical transport at that time and entered the store, expecting staff to report the incident formally.

13. Defendants completed an internal incident report but failed to offer further assistance, medical advice, or follow-up, placing the burden on Plaintiff to seek care thereafter.

14. Plaintiff felt immediate pain, particularly in her wrist, hip, and back, and experienced dizziness and general disorientation. She sought medical attention within 48 hours.

15. Plaintiff sustained multiple contusions, sprains, and soft tissue injuries, and continues to experience pain, limitation of range of motion, and anxiety about slipping again.

16. Because of the incident, Plaintiff missed time at work and has ongoing medical costs including physical therapy, medications, diagnostic tests, and future healthcare needs.

17. Plaintiff has also suffered psychological effects including embarrassment, fear, and sleep disturbance, at risk of exacerbation with any independent mobility.

## FIRST CAUSE OF ACTION

### Premises Liability

18. Plaintiff Paula Olazaba (hereinafter "Plaintiff") incorporates by reference all preceding paragraphs as though fully set forth herein.

19. At all relevant times mentioned herein, Defendant Costco Wholesale Corporation, doing business as Costco Sepulveda in Van Nuys, and DOES 1 through 20, inclusive (hereinafter collectively "Defendants"), were the owners, operators, managers, and/or controllers of the commercial property and retail store located at 6100 Sepulveda Boulevard, Van Nuys, California 91411 (the "Property").

20. Defendants owed a legal duty of care to Plaintiff, who was a lawful business invitee and customer on the Property, to maintain the premises in a reasonably safe condition and to protect Plaintiff from foreseeable harm caused by dangerous or defective conditions on the Property.

21. Defendants' duty included the responsibility to conduct regular and reasonable inspections of the Property, especially its exterior and entrance walkways during inclement weather, to promptly repair, remediate, or warn of any unsafe or hazardous conditions present, including those caused by wet or slippery cement surfaces due to rainfall.

22. Defendants knew, or through the exercise of reasonable care should have known, that the exposed cement entranceway to the store was susceptible to becoming dangerously slick during or following periods of rain, particularly when no non-slip mats, drainage accommodations, or warning signage were provided.

23. Despite having actual or constructive notice of this hazardous condition, Defendants failed and refused to take appropriate corrective action by placing slip-resistant mats, cones, signage, or implementing other reasonable safeguards to prevent slip-and-fall incidents, thereby breaching their duty of care.

24. On or about November 26, 2024, while Plaintiff was walking toward the entrance of the Costco store during a period of rainfall, she encountered a dangerously wet and slippery cement walkway that had not been treated or cordoned off. As a direct result of Defendants' negligent failure to repair or warn of the unsafe condition, Plaintiff slipped and fell violently onto the hard surface, sustaining multiple injuries.

25. As a direct and proximate result of Defendants' negligence and breach of duty, Plaintiff sustained physical injuries, including but not limited to trauma to her wrist, hip, lower back, and shoulder. Plaintiff also experienced disorientation and dizziness, and required medical evaluation and treatment.

26. Plaintiff has also suffered emotional distress, including embarrassment, fear of falling again, anxiety in public or wet environments, psychological trauma, and diminished enjoyment of life, all proximately caused by Defendants' negligent maintenance of the property and failure to adequately warn of the hazardous

condition.

27. Plaintiff is informed and believes, and thereon alleges, that Defendants' failure to maintain the Property in a reasonably safe condition, and to protect lawful customers and invitees from known and foreseeable hazards, was willful, wanton, reckless, and demonstrated a conscious disregard for the safety of the public, including Plaintiff, justifying an award of punitive and exemplary damages.

28. As a direct and proximate result of Defendants' negligent conduct, Plaintiff has incurred, and continues to incur, medical expenses, emotional distress, pain and suffering, lost income, and other economic and non-economic damages in an amount to be proven at trial, including interest and costs of suit.

**SECOND CAUSE OF ACTION**

**General Negligence**

(California Civil Code § 1714)

29. Plaintiff Paula Olazaba (hereinafter "Plaintiff") incorporates by reference all preceding paragraphs as though fully set forth herein.

30. At all relevant times, Defendants Costco Wholesale Corporation, doing business as Costco Sepulveda in Van Nuys, and DOES 1 through 20, inclusive (hereinafter collectively "Defendants"), owned, managed, maintained, controlled, or were otherwise responsible for the safety of the premises located at or around 6100 Sepulveda Boulevard, Van Nuys, California 91411 (the "Property").

31. Defendants owed Plaintiff, as a lawful business invitee and customer, a duty under California Civil Code § 1714 and general principles of negligence to exercise reasonable care in the ownership, operation, inspection, maintenance, supervision, and repair of the Property, including its exterior walkways and entrance areas.

32. Defendants also owed a duty to reasonably foresee and protect against known or

reasonably foreseeable risks associated with inclement weather conditions, such as rain, that could make concrete surfaces dangerously slick and hazardous for pedestrian traffic.

33. Despite said duties, Defendants breached their duty of care by failing to take reasonable measures to address and mitigate the danger presented by a wet and slippery concrete surface at the entrance to the store. This breach included, but was not limited to:

   a. Failing to implement and enforce appropriate safety protocols during and after rainfall;
   b. Failing to place anti-slip mats, caution signage, or cordons around hazardous areas;
   c. Failing to dry or treat the wet cement areas in a timely manner;
   d. Failing to warn customers, including Plaintiff, of the known danger of slipping due to rain on concrete;
   e. Failing to inspect the premises regularly and adequately, especially during adverse weather.

37. On or about November 26, 2024, as a direct result of the aforementioned negligence, Plaintiff Paula Olazaba, while walking toward the store's entrance, slipped on the wet concrete walkway and fell with great force to the ground.

38. Plaintiff was not carrying any objects, distracted, or otherwise acting negligently at the time of the fall. She was simply walking into the store when she encountered the unreasonably dangerous surface, which Defendants failed to properly maintain or warn against.

39. As a direct and proximate result of Defendants' breach of their duty of reasonable care, Plaintiff suffered physical injuries including trauma to her lower back, hip, wrist, and shoulder, as well as emotional injuries such as anxiety, embarrassment,

and mental anguish.

40. Plaintiff is informed and believes, and on that basis alleges, that her injuries and damages were foreseeable consequences of Defendants' failure to maintain the premises in a safe condition and to take reasonable steps to prevent harm to patrons.

41. As a further direct and proximate result of the negligence of Defendants, Plaintiff has incurred medical expenses, lost time, pain and suffering, emotional distress, and other economic and non-economic damages in an amount to be proven at trial.

## THIRD CAUSE OF ACTION

### Negligent Infliction of Emotional Distress

42. Plaintiff Paula Olazaba (hereinafter "Plaintiff") hereby incorporates by reference all preceding paragraphs as though fully set forth herein.

43. At all relevant times, Defendants Costco Wholesale Corporation, doing business as Costco Sepulveda in Van Nuys, and DOES 1 through 20, inclusive (hereinafter collectively "Defendants"), owned, managed, maintained, controlled, or were otherwise responsible for the safety, maintenance, and condition of the commercial premises located at or around 6100 Sepulveda Boulevard, Van Nuys, California 91411 (the "Property").

44. As owners, operators, and occupiers of commercial property open to the public, Defendants owed Plaintiff a duty of reasonable care to ensure that the premises were free from known hazards or dangers, and to avoid causing foreseeable emotional or psychological harm by negligently creating or permitting dangerous conditions on the premises.

45. On or about November 26, 2024, Plaintiff entered the Property as a lawful business invitee and customer. While approaching the store entrance, Plaintiff suddenly and unexpectedly slipped on wet concrete caused by rainfall, falling to the ground with

significant force.

46. As a result of this incident, Plaintiff sustained not only physical injuries but also severe emotional distress, including but not limited to:

a. Shock and disorientation immediately following the fall;

b. Fear and anxiety about the seriousness of her injuries;

c. Embarrassment and humiliation due to falling publicly in front of other customers and store employees;

d. Long-term psychological trauma, including ongoing fear of walking on wet surfaces, hypervigilance, and reduced confidence in mobility.

47. Plaintiff is informed and believes, and thereon alleges, that the emotional distress she experienced was serious, genuine, and caused directly by Defendants' negligent maintenance of the premises and their failure to take reasonable precautions to prevent slip-and-fall hazards due to wet weather.

48. Defendants knew or should have known that failure to take precautionary safety measures (such as posting warning signs, placing mats, or cordoning off dangerous wet zones) could foreseeably result in both physical and emotional injury to patrons like Plaintiff.

49. Defendants further failed to offer Plaintiff timely medical assistance after the fall, which exacerbated her emotional distress and made her feel unsafe, unsupported, and ignored.

50. As a direct and proximate result of Defendants' negligent conduct, Plaintiff has suffered and continues to suffer substantial emotional distress, mental suffering, anxiety, and loss of enjoyment of life, entitling her to recover general damages in an amount to be proven at trial.

**PRAYER FOR RELIEF**

1. **WHEREFORE**, Plaintiff Paula Olazaba prays for judgment against Defendants Costco Wholesale Corporation, doing business as Costco Sepulveda, and DOES 1 through 20, inclusive, and each of them, as follows:
2. For general damages, including but not limited to physical pain, suffering, emotional distress, mental anguish, embarrassment, inconvenience, and loss of enjoyment of life, in an amount to be proven at trial and in excess of the jurisdictional minimum of this Court;
3. For special damages, including but not limited to past and future medical expenses, lost wages, diminished earning capacity, and other out-of-pocket losses sustained as a direct and proximate result of Defendants' acts and omissions, according to proof at trial;
4. For statutory damages and penalties, to the extent available and appropriate under California law;
5. For prejudgment and post-judgment interest at the maximum legal rate allowed by law;
6. For injunctive relief, compelling Defendants to implement proper safety protocols at the Property, including but not limited to the inspection, maintenance, and repair of walking surfaces near entryways during inclement weather, and the posting of adequate signage warning customers of slip hazards;
7. For such other and further relief as the Court deems just and proper under the circumstances.

Dated: August __26_, 2025

OCEANBRIDGE LAW FIRM, APC

BY: ______________________________

MACAULEY EKPENISI ESQ.
Attorney for Plaintiff